**FILED**

**DEC 3 0 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE MIGUEL CHAVEZ-ARELLANO
(93054-079), P.O. BOX 9000
F.C.I. SEAGOVILLE
SEAGOVILLE, TX 75159

               Plaintiff,

V.

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATIONS (FBI);
EXECUTIVE OFFICE FOR U.S. ATTORNEYS (EOUSA);
DRUG ENFORCEMENT ADMINISTRATION (DEA).

               Defendants

CASE NUMBER 1:05CV02503

JUDGE: Rosemary M. Collyer

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 12/30/2005

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §552, as amended, and the Privacy Act (PA), 5 U.S.C. §522a, to order the production of agency records, consisting of all records in agency's system of records previouly requested by Plaintiff pursuant to the above referenced acts. Those records were previouly requested by Plaintiff and those records have been unlawfully withheld by the Defendants. Those requests are more fully described below.

### JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by Title 5 U.S.C. §552(a)(4)(B) and §552(g)(1)(B);(g)(1)(D);(g)3(A);(g)(3)(B);(g)(4)(A); and (g)(4)(B).

**RECEIVED**

NOV 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## VENUE

3. Venue is proper in this district pursuant to the provisions of 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. §552a (g)(5). Action may be brought in; 1)The district in which Plaintiff resides; 2) Where records sought are located; or, 3) In the District of Columbia.

## PARTIES

4. Plaintiff, Jose M. Chavez-Arellano (93054-079), is a federal prisoner in the Federal Correction Institution of Seagoville, P.O. Box 9000, at Seagoville, Texas 75159. He is the requestor of the withheld records.

5. Defendant, United States Department of Justice, Federal Bureau of Invesgations (FBI), Assistant Director of Laboratory & Criminal Investigative Division, at 935 Pennsylvania Ave., N.W., Washington, D.C. 20535-0001; FBI, Federal Office Building and Courthouse, 2500, East T.C., Jester Blvd., Ste. 200, Houston, TX 77008-1300.

6. Defendant, United States Department of Justice, Executive Office for United States Attorneys (EOUSA), at 600 E. St., N.W., Room 7100 & 7300, Washington D.C. 20530; EOUSA, United States Courthouse, 515 Rusk, Houston, Texas 77002.

7. Defendant, United States Department of Justice, Drug Enforcement Administration (DEA), at 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-0001; DEA, Fifth Floor, 801, 1 Street, Washington, D.C. 20001; DEA, 700 Army Navy Drive, Arlington, VA 22202; DEA, 1433 West Loop South, Ste. 600, Houston, Tx 78041; DEA, South Central Lab., 10150 E. Technology Blvd., Dallas, Texas 75220. These United States agencies have possession of and control over the records that Plaintiff is seeking.

## HISTORY OF THE CASE

FEDERAL BUREAU OF INVESTIGATIONS (FBI)

8. On January 7, 2004, Plaintiff submitted Two (2) standard form FOIA/PA requests to the Federal Bureau of Investigations, hereinafter referred as to "FBI" Assistant director of laboratory and criminal investigative division, at 935 Pennsylvania Ave., N.W., Washington, D.C. 20535-0001. And one more to 2500 East T.C. Jester Blvd., Ste. 200, Houston, TX 77008-1300. Requesting "Each and every record related to requestor, Jose M. Chavez. Also, any and all fingerprint analysis and/or fingerprint records in the agency files." Plaintiff included a properly executed certificate of identity and I.D. copy with his requests.

9. On January 20, 2004, February 2, 2004, and March 17, 2004, Plaintiff received three letters from the FBI stating that "the FBI Headquarters and Houston field office located no records responsive to Plaintiff requests. The FBI designated then requests nos. 990239, 964047, and 993731 respectively.

10. On August 21, 2004, Plaintiff filed an administrative appeal within the Office of Information & Privacy ("OIP"), objecting the denial of requests; 990239, 964047 and 993731. The OIP designated them as appeal nos. 04-2780, 04-2781, and 04-2782 respectively.

11. On February 7, 2005, Plaintiff received the administrative appeal answer from the OIP, in which they stated; "I have decided to affirm the FBI's action on your requests... if you are dissatisfied with my action on your appeal. You may seek judicial review in accordance with 5 U.S.C. §522(a)(4)(B)."
(See attached exhibits A)

EXECUTIVE OFFICE FOR U.S. ATTORNEYS (EOUSA)

12. On January 7, 2004, and January 10, 2004, Plaintiff submitted two FOIA/PA requests to the Executive Office for U.S. Attorneys (EOUSA), at 600 E. Street, N.W., Room 7100, Washington, D.C. 20530. And U.S. Courthouse, 515 Rusk, Houston, TX 77002. Requesting "Each and every record maintained in the agency's system of records related to the requestor, including a Vaughn Index of each and every record in Plaintiff files. Especially in the Souther District of Texas, Laredo Division. Plaintiff included a properly executed certificate of identity with these requests.

13. On February 5, 2004, and February 18, 2004, The EOUSA designated then requests, nos. 04-150 and 04-184 respectively.

14. On July 6, 2004, the EOUSA consolidated Plaintiff two requests under request no. 04-150. Also on July 6, 2004, Plaintiff received only nine (9) pages of information. Obviously, it was not "each and every record related to requestor.

15. On August 17, 2004, Plaintiff submitted two separated administrative appeals within the Office of Information and Privacy ("OIP"), at Flag Building, Ste. 570, Washington, D.C. 20530. Objecting the denial of request 04-150 & 04-184. The OIP designated appeal no. 04-2738, and appeal no. 04-2739 respectively.

16. On January 18, 2005, the OIP denied Plaintiff appeals, stating that "I have determined that this information is not appropriate for discretionary release ... If you are dissatisfied with my action on your appeal you may seek judicial review in accordance with 5 U.S.C. §552(a)(4)(B).

(See attached exhibits B)

4

I.  DRUG ENFORCEMENT ADMINISTRATION (DEA)

17. On December 4, 2001, Plaintiff submitted a standard form FOIA/PA request to the Justice Department, Justice Management Division, at 950 Pennsylvania Ave. N.W., Washington, D.C. 20530-0001, for; the DEA lab analysis of methamphetamine and "fingerprints analysis" related to the seized drug in the requestor case, including a "Vaughn Index" of any records refused to requestor. Plaintiff included a proper executed certificate of identity and I.D. with his request.

18. On September 13, 2002, Plaintiff received a letter from the DEA. Stating that "the DEA had received Plaintiff FOAI/PA request and placed it on a list of requests awaiting processing. The DEA assigned the request no. 02-1370-F.

19. On October 8, 2002, Plaintiff received a second letter and 98 pages from the DEA on request 02-1370-F. A comment page states; "However, DEA's records do not contain fingerprint analysis." Exemptions were claimed pursuant to; 5 U.S.C. § 551(b)(2); (b)(7)(C); (b)(7)(E); (b)(7)(F); and 5 U.S.C. §522a (j)(2).

20. On March 26, 2003, Plaintiff filed an administrative appeal within the Office of Information and Privacy ("OIP"), at Flag Building, Ste. 570, Washington, D.C. 20530. Objecting the denial of request 02-1370-F. Plaintiff has reliable reasons to believe that the lab analysis contains a description of the fingerprint found in the 14 pounds drug seized by the DEA. The DEA assigned appeal # 03-1910.

21. On July 14, 2003, Plaintiff recieved the administrative appeal answer from the OIP in which it stated: "The DEA properly withheld from you certain in -- formation that is protected from disclosure under the FOIA... If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. §552 (a)(4)(B). (See attached exhibits C)

## II.    DRUG ENFORCEMENT ADMINISTRATION (DEA)

22.    On January 10, 2004, Plaintiff submitted a FOIA/PA request to the DEA, at 700 Army Navy Drive, Arlington, VA 22202. Requesting "Each and every record maintained in the agency's system of records related to the requestor, including a Vaughn Index of each and every record in files." Plaintiff attached a properly executed certificate of identity and I.D. copy.

23.    On August 9, 2004, The DEA designated it as request # 04-1588-P.

24.    On August 24, 2004, Plaintiff received only one (1) page of information. Obviously, it was not "each and every record related to petitioner", as requested previously by Plaintiff.

25.    On September 4, 2004, Plaintiff submitted his administrative appeal within the Office of Information and Privacy ("OIP"), objecting the denial of his request no. 04-1588-P.

26.    On October 26, 2004, the OIP designated appeal no. 04-2821.

27.    On December 16, 2004, the OIP affirmed the DEA's action. Stating "I have determined that this information is not appropriate for discretionary release. You may seek judicial review in accordance with 5 U.S.C. §552 (a)(4)(B). (Exhibits D)

## III.    DRUG ENFORCEMENT ADMINISTRATION (DEA)

28.    On April 17, 2003, Plaintiff submitted a FOIA/PA request through the DEA at South Central Laboratory, 10150 E. Technology Blvd., Dallas, Texas 75220, for; "Any and all fingerprints and/or fingerprint analysis regarding criminal case 5-00-CR-00355 (Laredo Division). DEA lab file 6000103. Government trial exhibit no.

three (3). [Five bundles wrapped in brown wrapping tape containing brown powder]. Plaintiff included proper executive certificate of identity and I.D. copy.

29. On July 10, 2003, Plaintiff received a letter from the DEA in which they acknowledged having received the April 17, 2003, correspondence. In the letter the DEA stated; "we were unable to locate any responsive document using the criminal case number you provided... you may appeal this response. The DEA designated it as request no. 03-1078-F.

30. On February 20, 2004, Plaintiff received another letter from the DEA, stating that "A request from you has been processed previously under the above referred DEA request no. (02-1370-F). Also, in order to receive information on fingerprints and analysis or fingerprints records, you must contact the FBI directly... it will be administratively closed." (See attached exhibits E)

## IV.     DRUG ENFORCEMENT ADMINISTRATION (DEA)

31. On January 7, 2004, Plaintiff submitted three (3) FOIA/PA request through different DEA's divisions, at Fifth Floor, 801 1 Street, Washington, D.C. 20001; 1433 West Loop South, Ste. 600, Houston, Texas 77027; P.O. Drawer 2307, Laredo, Texas 78041. Requesting: "Each and every record related to requestor, Jose Miguel Chavez, Plaintiff, in agency files. Also, to search other branches and offices for the requested records and most important any and all fingerprint analysis and/or fingerprints records in the agency files. Plaintiff included a certificate of identity and I.D. copy.

32. Nevertheless, Plaintiff never received answer of such a petitions. (See attached exhibits F)

33. No further action has been forthcoming. Plaintiff has exhausted his administrative remedies and has had no success in obtaining all of the records and information he seeks.

34. Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for the Defendants' refusal to provide those records.

35. Plaintiff has been <u>prejudiced</u> for the Defendants' bad faith denial, since the failure to disclose these records preclude Plaintiff from pursuing a fair post-conviction relief violating Plaintiff's Fifth and Sixth Amendment of the United States Constitution; Right to Due Process, the fundamental right to prove his innocence and the right to fairly pursue any post-conviction remedy. Since Plaintiff is collaterally attacking his conviction the withholding of Plaintiff's records would result in a miscarriage of justice.

36. Plaintiff has a right to expedited processing of those records under 28 C.F.R. §16.5(2)(d)(1999 edition).

37. Plaintiff has made a showing that the Defendants have unlawfully witheld agency records.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays that this Honorable Court;

38. Declare that Defendants' refusal to disclose the records requested by Plaintiff is unlawful.

39. Order the Defendants to provide the Plaintiff an accounting of all

disclosures of agency records under subsection (c)(3) of the Privacy Act.

40. Order the Defendants to provide any and all records, video tapes and audio tapes, surveillance photos, co-defendants statements, sundra material, hand written notes, investigation and officer's commentary, official form reports such as, but not limited to DEA 302 report and all related matter and materials, any fingerprint analysis and/or report taken from the seized drug, laboratory reports, telephone records, and any other information related to the Plaintiff criminal case, be mailed to me forthwith at; Jose M. Chavez (93054-079), FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159-9000.

41. Order the Defendants to provide the Plaintiff a "Vaughn Index" of documents. **Vaughn v. Rosen**, 484 F.2d 820 (D.C. Cir. 1973).

42. Order the Defendants to provide records under both the Freedom of Information Act and the Privacy Act as requested by the Plaintiff.

43. Issue an injunction to prevent the Defendants from relying on invalid regulations in the processing of FOIA requests, including; a) not providing records or b) providing only partial records.

44. Make a written finding that the circumstances surrounding the withholding raise questions whether there has been arbitrary or capricious agency action and make a referral of the matter to the Merit Systems Protection Board for investigation, pursuant to subsection (a)(4)(f).

45. Expedite this for good cause and pursuant to 28 U.S.C. §1657 (a).

46. Award Plaintiff his cost and reasonable attorney's fees in this action.

47. Reserve the right of Plaintiff to amend this complaint at any time; and

48.  Grant such other and further relief as the Court may deem in this action.

Respectfully Submitted, this 23 day of November 2005

*[signature]*

Jose M. Chavez-Arellano
Reg. No. 93054-079
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000

## PROOF OF FILING

This document is hereby filed on the 23 day of November, 2004, pursuant to the holding in **Houston v. Lack**, 487 U.S. 266 (1988), by placing it in the mail box designed for outgoing legal mail.

*[signature]*

Jose M. Chavez-Arellano
Reg. No. 93054-079
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000

## DECLARATION OF INCARCERATED PERSON IN LIEU OF AFFIDAVIT SUBSCRIBED BEFORE A NOTARY PUBLIC

I, Jose M. Chavez-Arellao, Reg. No. 93054-079, being an incarcerated person, presently incarcerated in the Federal Correction Institution at Seagoville, Texas in lieu of executing an affidavit subscribed before a Notary Public, declare as follows;

I am the Plaintiff in the above-captioned and numbered case. I am over the age of 21 years, and I am otherwise competent to give this declaration. I have read and assisted in the preparation of the above-captioned and numbered lawsuit, a suit filed pursuant to the Freedom of Information and Privacy Act, and the allegations of fact set forth therein are within my personal knowledge, and they are true and correct, based upon my knowledge, information and belief.

The documents attached hereto are true and correct copies of the originals.

I make the foregoing declaration having been fully apprised of the penalty for perjury.

This 23 day of November of 2005.

Jose M. Chavez-Arellano
Reg. No. 93054-079
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

11