# Exhibit "D"

## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

REQUESTOR: Jose Miguel Chavez Arellano   DATE OF BIRTH: July 5, 1974

REG. NO.: 93054-079   PLACE OF BIRTH: Mexico

ADDRESS: FCI Seagoville   CRIMINAL CASE NO.: 5:00-CR-00355

P.O. Box 9000   U.S. DISTRICT COURT: Texas (Laredo Division)

Seagoville, TX 75159-9000   DATE ARRESTED: March 13, 2000

BRANCH OR AGENCY FROM WHICH REQUESTED:

DRUG ENFORCEMENT ADMINISTRATION
Freedom of Information/Privacy Act Unit
700 Army Navy Drive
Department of Justice                                    January 10, 2004
Arlington, VA 22202

Pursuant to the Freedom of Information Act, 5 U.S.C. 552, and Privacy Act of 1974, 5 U.S.C. 5522 (a), I am requesting "all records maintanied within the agency's system of records" (for a definition of a "record", see # 10 of the request.) Pertaining to the following.

Each and every record maintained in the agency's system of records related to the requester, including a Vaughn Index of each and every record in my files, also including but not limited to **EXHIBIT "A"** attached hereto and made part of these requests hereof.

The following schedules are enclosed;

   A-  Certificate of Identity, U.S. Department of Justice Form DOJ-361
   B-  A copy of my ID card with my Register Number.

In this FOIA/PA request, the requester has agreed to pay for copying costs, but has requested a fee waiver and reserves the right to appeal the fee waiver if it is denied.

05 2503

FILED

DEC 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REQUESTER ASKS FOR THIS REQUEST TO BE EXPEDITED UNDER "DUE PROCESS VIOLATIONS" (DOJ: 28CFR §16.5(d)(1)(iii) 1999 edition), OR ITS CORRESPONDING PARALLEL FOR NON-DOJ AGENCIES. "EXPEDITED PROCESSING (1) REQUESTERS AND APPEALS WILL BE TAKEN OUT OF ORDER AND GIVEN EXPEDITED TREATMENT WHENEVER IT IS DETERMINED THAT THEY INVOLVE: (iii) THE LOSS OF SUBSTANTIAL DUE PROCESS RIGHTS....."

PLEASE CONSIDER THIS LETTER PLUS ACCOMPANYING ISSUES AND REQUESTS INCLUDING EXHIBIT "A" AS NOTICE UNDER BAD FAITH AND AS ADMINISTRATIVE NOTICE.

Any due process violations impact the very heart of my due process rights according to Law. I have the right to review and correct those records and remove any illegally derived and/or improper, and/or incorrect information contained therein.

In order to expedite this request, I am forwarding a copy of this letter with the attached EXHIBIT "A" to your agency headquarters in Washington, D.C. Thank you in advance for your cooperation in providing this information to me.

Respectfully Yours,


CC :



CERTIFIED MAIL NUMBER:_____

## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

### ISSUES

1. **Records Exist** : I have reliable reasons to believe that these records exist.

2. **False Information and Constitutional and Civil Rights Violations** : I have reliable reasons to believe that "false information is being maintained in my system of records." I also have reason to believe that information contained in "agency's system of records" may show violations of my Constitutional and Civil Rights. I have the right to review the records under the FOIA/PA and the right to its correction.

3. **Accounting of Disclosures** : I request a full and complete "accounting of disclosures" as made and received by your agency related to those records or any part thereof, including the date, nature and purpose of the disclosure, and the name and address of the recipient/sender.

4. **Records not in your Possession** : For any records not in your possession, please advise me if those records were once in your possession and where they are now. If the records are somewhere else, please advise me when and where they were moved.

5. **Agency Field Offices** : These records are believed to be maintained in the field office(s) of your agency, but I hereby request ALL records from ALL agency field offices and that you conduct a search of ALL agency field offices including headquarters in Washington, D.C., using locator indexes if necessary, to obtain those records.

6. **Private Citizen** : It should be noted that this is not a request for records on a third party private citizen.

7. **Segregable Portions** : The Act requires release of all segregable portions of documents that are not themselves exempt. I request that all segregable portions be released.

8. **Age of Documents** : The age of the records renders them harmless and they should be released/disclosed.

9.  **Adequacy of Agency's Search** : Please provide me detailed information related to the adequacy of the agency's search for records.

10. **Request for All Records** : I request each and every record in agency files related to this request. "Record" includes "any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format." This would, by definition, include documents; reports; memoranda; letters; electronic files; database references; "do not file" files, "P&C" files, "O&C" files, audio tapes and video tapes; electronic (ELSUR) or photograph surveillance; "June Mail"; mail covers; trash covers; miscellaneous files; telephone records; hand written notes; and index citations relating to this request or referencing this request ("see also") in other files. The maintaining of "FOIA files" and "private files" is a circumvention of the FOIA regulations.

11. **Request Parallels FOIA'S Basic Purpose** : The basic purpose of this request parallels the basic purpose of FOIA, in that it intends to open agency actions to public scrutiny and contribute significantly to public understanding of the operations or activities of the Government,

    In <u>Department of Justice v. Reporters Committee</u>, 489 US 749,772, the Court stated :   "The basic purpose of the Freedom of Information Act is to open agency action to the light of public scrutiny." <u>Department of Air Force v. Rose</u>, 425 US at 372.

    The Court in <u>NLRB v. Robbins</u>, 437 US 214, 242 (1978) stated :
    "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against <u>corruption</u> and to hold the  governors accountable to the governed."

12. **General Public Value** : The public interest must be factored in. Those documents are in the public interest and should be disclosed, since disclosure outweighs any privacy interest (see # 11 above).

13. **Discretionary Disclosure** : Agencies may make discretionary disclosures of any information that is exempt under FOIA. Such disclosures are most appropriate where the interest protected by the exemption in question is only a governmental interest of the agency compared to a private interest of an individual or commercial entity.

    This falls under the Act's primary objective of "maximum responsible disclosure." It can also significantly lessen an agency's burden at all levels of the administrative process and eliminates the possibility that the information in question will be the subject of protracted litigation. Attorney General Janet Reno's FOIA memorandum of 1993 stated that she <u>strongly encouraged all FOIA officers to make discretionary disclosures under the Act</u>.

14. **Arbitrary and Capricious Behavior** : The Special Counsel of the Merit Systems Protection Board is authorized to investigate allegations of withholding under FOIA, and this "does not require that an administrative or court decision be rendered" (1978 USCCAN).

    As updated in Janet Reno's September 3, 1999 memorandum to Heads of Departments and Agencies : "In short, information should be withheld from a FOIA requester only when it is not possible for an agency to disclose it as a matter of administrative discretion".

15. <u>Vaughn Index</u> : I once again request a complete list of agency records covered by this request (<u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 US 977 (1974)), or its functional equivalent. Case law states that a <u>Vaughn Index</u> is equally applicable to administrative procedures. <u>Mead Data Inc. v. Department of Air Force</u>, 402 F.Supp., 460 (D.D.C. 1974), <u>remanded</u>, 566 F.2d 242,251 (D.C.Cir. 1977) :

    "We agree with <u>Mead Data</u> that the objective of the <u>Vaughn</u> requirements, to permit the requesting party to present its case effectively, is equally applicable to proceedings within the agency."

    How else can a requester properly narrow his request ? Also see 28 CFR 126.6(c),

Case 1:05-cv-02503-RMC    Document 1-5    Filed 12/30/2005    Page 7 of 17
- 6 -

"Adverse Determinations" ; or its equivalent.

16. **Fee Waiver** : I request a fee waiver on the records asked for. This is a Privacy Act request and I am an individual requester. I also ask for a fee waiver under the FOIA, because :
    a) there is genuine public interest in the subject matter of the request ;
    b) the responsive records are informative on the issues of public interest;
    c) the requested information is not already in the public domain ;
    d) I have the qualifications and ability to disseminate the information and have access to large databases ; and
    e) the benefit to the public is outweighed by any commercial or personal benefit to the requester. However, should my fee waiver request be denied, <u>I am prepared to pay the fee</u> while preserving my appeal rights.

17. **Appeal Rights** : I am aware of my administrative appeal rights.

18. **Statutory Reply** : I would appreciate a reply within the statutory time period of 20 business days.

19. In short, as stated in President William J. Clinton's October 4, 1993 memorandum for heads of Departments and Agencies : "....the more the American people know about their government the better they will be governed. Openness in government is essential to accountability and the Act has became (sic) an integral part of the process. ....The existence of unnecessary bureaucratic hurdles has no place in its implementation."

20. If you do not have records related to any specific portions of this request, please state so in your response and respond directly to <u>each item</u> mentioned.

21. **Expedited Request** : I would like this request expedited in accordance with <u>Open America v. Watergate</u>, 547 F.2d 605/1976, and 28 CFR §16.5(d)(1)(iii)(1999 Edition), due process violations, or its equivalent.

22. **Finally** : I request that all correspondence your agency maintains with me have the following <u>caption clearly marked</u> on the outside of the envelope :
    LEGAL MAIL TO BE OPENED
    IN PRESENCE OF INMATE ONLY

E X H I B I T

" A "

Any and all fingerprint analysis and/or fingerprint records in your agency files. I also request that you search other branches and/or offices for the requested records.

DEA LAB.

    File No.; M6-00-0103.

    Exhibits No. 1,2, and 3.

    Lab. No.; 138566, 138567, and 138568.

Note; I am willing to pay for any accessible search and copying fees.

//

//

//

//

//





...acy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    Jose Miguel Chavez Arellano (93054-079)

Current Address    FCI Seagoville, P.O. Box 9000, Seagoville, TX 75159-9000

Date of Birth    July 5, 1974

Place of Birth    Mexico

...il Security Number [2]    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

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] _____    Date    January 10, 2004

Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

FORM DOJ-361
FEB. 95



U.S. Department of Justice

Drug Enforcement Administration

AUG 9 2004

Washington, D.C. 20537

August 5, 2004

Request Number:       04-1588-P

Subject of Request:   CHAVEZ-ARELLANO, JOSE M.

Referred to DEA by:   EOUSA

FCI SEAGOVILLE
2113 NORTH HIGHWAY 175
SEAGOVILLE, TX 75159

DEAR JOSE MIGUEL CHAVEZ-ARELLANO:

In response to your request for documents from the above agency, the Drug Enforcement Administration (DEA) has been asked to review certain materials which originated within DEA. In order to expedite all requests, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.3 (c)).

Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of chargeable fees, and payment will be required prior to release of any records. If there are not fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

*DEA FOIA Home Page... http://www.usdoj.gov/dea/foia/dea.htm*



**U.S. Department of Justice**

Drug Enforcement Administration

AUG 2 4 2004

Washington, D.C. 20537

Request Number:   04-1588-P         Subject of Request:   CHAVEZ-ARELLANO, JOSE M.
                                    Referred to DEA by:   EOUSA

Jose M. Chavez-Arellano
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000

Dear Jose M. Chavez-Arellano:

    The Drug Enforcement Administration (DEA) has completed its review of the referred DEA documents pursuant to your Freedom of Information/Privacy Act request to the above agency.

    The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

    The document is being forwarded to you with this letter.

    If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

    Co-Director
    Office of Information and Privacy
    FLAG Building, Suite 570
    Washington, D.C. 20530

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management

Number of Pages Withheld:                                    0

Number of Pages Released:                                    1

Number of Pages Referred to another agency:    0

    Applicable sections of the Freedom of Information and/or Privacy Act:

| **Freedom of Information Act** | | | **Privacy Act** | |
| 5 U.S.C. 552 | | | 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [ ] (b)(2) | [ ] (b)(6) | [ ] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1) Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2) Materials related solely to the internal rules and practices of DEA.

(b)(3) Information specifically exempted from disclosure by another federal statute.

(b)(4) Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5) Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6) Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7) Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2) Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1) Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2) Material compiled during civil investigations for law enforcement purposes.

(k)(5) Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6) The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

Jose M. Chavez (93054-079)
P.O. Box 9000/Seagoville, Texas 75159

September 4, 2004.

**Office of Information and Privacy**
United States Department of Justice
   Flag Building, Suite 570
   Washington, D.C. 20530

RE: FOIA/PA "Appeal" Request No.: <u>04-1588-P</u>.

On August 24, 2004, Petitioner received a letter stating; "The Drug Enforcement Administration (DEA) has completed its review of the referred DEA documents pursuant to your Freedom of Information/Privacy Act request to the above agency."

Also, on August 24, 2004, Petitioner received only One (1) page of information. Obviously, it was not "each and every record related to requestor", as requested previously be Petitioner.

In addition, Petitioner has reliable information to believe that the (DEA) contains more records related to Petitioner's criminal case. Consequently, **Petitioner hareby is appealing the denial of his request.** Petitioner has been prejudiced for the (DEA) bad faith denial, since the failure to disclose these records preclude Petitioner to pursue a fair post-conviction relief, violating Petitioner's Fifth Amendment, right to due process, the fundamental right to be free, the right to prove his innocence and the right to fairly pursue any post-conviction remedy. Since Petitioner is collaterally attacking his conviction the withholding of Petitioner's records would result in a miscarriage of justice.

For the facts and arguments hereinbefore presented, Petitioner respectfully request that this Honorable Office of Information and Privacy, direct an order to the Drug Enforcement administration at Washington D.C. to forward, as soon as possible, any and each Petitioner's case records within DEA's possession. In the interes of justice.

Respectfully submitted,

*[signature]*

Jose M. Chavez
Reg. No. 93054-079



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

OCT 2 6 2004

Mr. Jose M. Chavez
Register No. 93054-079
Federal Correctional Institution
Post Office Box 9000
Seagoville, TX 75159-9000

    Re: Request No. 04-1588-P

Dear Mr. Chavez:

    This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on September 22, 2004.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **04-2821**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                                   Sincerely,

                                   Priscilla Jones
                                   Administrative Specialist

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                        Washington, D.C. 20530

DEC 1 6 2004

Mr. Jose M. Chavez
Register No. 93054-079
Federal Correctional Institution    Re:  Appeal No. 04-2821
Post Office Box 9000                         Request No. 04-1588-P
Seagoville, TX 75159-9000               RLH:JHA

Dear Mr. Chavez:

    You appealed from the action of the Drug Enforcement Administration on a document referred to it by the Executive Office for United States Attorneys in response to your request for access to records concerning you.

    After carefully considering your appeal, I have decided to affirm the DEA's action on the one page referred to it by the EOUSA.

    This record is exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.98(a) (2004). Because this record is not available to you under the Privacy Act, it has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the information you requested.

    The DEA properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

        5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or personal safety of an individual.

I have determined that this information is not appropriate for discretionary release.

    The DEA's action was taken on the only record referred to it by the EOUSA. If you would like the DEA to conduct a search of its files for other records concerning you, you must make a separate request directly to the DEA.

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director