IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE MIGUEL CHAVEZ-ARELLANO,           )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )     Civ. No. 05-02503 (RMC)
                                        )
UNITED STATES DEPARTMENT OF             )
          JUSTICE, et al..,             )
                                        )
                                        )
_____)

## <u>DECLARATION OF JOHN F. BOSEKER</u>

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)       I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ").  I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).  I have been so employed

since 1991.

2)       Due to the nature of my official duties, I am personally familiar with the FOIA/PA

request(s) made to EOUSA by Mr. Chavez-Arellano, which forms the basis for this litigation.

3)       My official duties include: having the authority to make final disclosure

determinations on records requested by an individual using the FOIA/PA, to assure compliance

with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et

seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)       My official duties also include: acting as liaison between EOUSA and the

components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought

from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related

correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)    The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

**FOIA No. 04-150**

6)    On January 15, 2004, EOUSA received a letter dated January 7, 2004, from Mr. Chavez-Arellano. This letter sought all records on himself, under the FOIA/PA maintained by the USAO/Southern District of Texas ("USAO/SDTX"). **Exhibit A attached.**

7)    By letter dated February 5, 2004, EOUSA acknowledged to Mr. Chavez-Arellano that the letter had been received and assigned FOIA No. 04-150. The letter further advised him that a request for "all information about myself in criminal case files" were usually "Project Requests" that could take up to nine months to process. The option of narrowing his request to specific records, and an explanation of fees in connection with FOIA requests was also set forth. **Exhibit B attached.**

8)    On February 26, 2004, EOUSA received a letter from Mr. Chavez-Arellano, responding to Exhibit B, in which he stated that this was not a "project request", and limited EOUSA's search to all fingerprint records in his criminal case (5:00-CR-000355), searching all other branches (within the USAO), and a Vaughn Index to all of his records. **Exhibit C attached.**[1]

---

[1]Also, on February 26, 2004, EOUSA received another letter from Mr. Chavez-Arellano dated February 16, 2004. **Exhibit D attached.** This letter sought records related to "confidential

9)      Mr. Chavez-Arellano subsequently sent follow-up letters dated June 10, 2004, which are attached hereto as **Exhibit E attached.**

10)     By letter dated July 6, 2004, EOUSA notified Mr. Chavez-Arellano that it had located records in response to his request, and was sending 8 pages in full ("RIF") and 1 page with portions withheld ("RIP"). Mr. Chavez-Arellano was advised that EOUSA continued to withhold 1 page in full ("WIF"), and that public records were available upon written request, subject to possible copying fees. **Exhibit F attached.**

11)     This same letter notified Mr. Chavez-Arellano that EOUSA had applied FOIA exemptions 5 U.S.C. §552 (b)(5) and (b)(7)(C), and PA exemption 5 U.S.C. §552a(j)(2) to withhold material. **Id.**

12)     This same letter also notified Mr. Chavez-Arellano that EOUSA had referred a one page document to the DEA for review and to make determinations under the FOIA/PA, and correspond directly with him; he was also advised that he could directly write to the DEA for fingerprint records, and provided with the address to do so. **Id.**

---

informants" in the same criminal case, and those of a specifically named individual, and again, a Vaughn Index to all records. **Id.** In reviewing the FOIA file in the course of preparing this declaration, I discovered that EOUSA had not yet responded to this letter. Consequently, EOUSA is herein notifying Mr. Chavez-Arellano that as to the records of these third party individuals, it is categorically applying FOIA exemption (b)(7)(C) to protect all such persons from unwarranted invasion of personal privacy. In addition, FOIA exemption (b)(7)(D) is categorically applied to protect identified confidential informants from disclosure that would likely lead to harm. (These exemptions are further discussed in the text of this declaration.) The categorical application of these exemptions were made without proceeding to search for records, which EOUSA asserts are not disclosable, and arguably cannot confirm or deny their existence, as to one or more persons who were not referred to specifically by this request letter.

13) Finally, EOUSA advised Mr. Chavez-Arellano that he had 60 days within which to file an administrative appeal of these actions to the Office of Information and Privacy ("OIP"). **Id.**

**FOIA No. 04-184**

14) On January 21, 2004, EOUSA received a second letter from Mr. Chavez-Arellano dated January 10, 2004, in which he sought "each and every record maintained in the agency's system of records related to the requester, including a Vaughn Index of each and every record concerning my files...." He also sought expedited treatment of his request. **Exhibit G attached.**

15) EOUSA sent a letter acknowledging receipt on February 18, 2004, stating exactly the same information as set forth in paragraph 8 (and Exhibit B) above, and assigning FOIA number 04-184 to this request. **Exhibit H attached.**

16) EOUSA also sent another letter on February 18, 2004, denying Mr. Chavez-Arellano's request for expedited treatment, setting forth the reasons therefore, and providing him with his rights and means to appeal this determination. **Exhibit I attached.**

17) On March 4, 2005, EOUSA received a letter dated February 26, 2004, from Mr. Chavez-Arellano, in which he reasserted his request for records on himself, including but not limited to a number of items. These items included references to the contents set forth in Footnote 1 of this Declaration and Exhibit D. **Exhibit J attached.**

18) On June 24, 2004, EOUSA notified Mr. Chavez-Arellano that due to the backlog of requests his request was being handled in the order of receipt and would be processed in the normal course of events. **Exhibit K attached.**

19)     On July 6, 2004, in conjunction with Exhibit F above, FOIA No. 04-150, EOUSA

notified Mr. Chavez-Arellano that it was combining both files into 04-150, and closing 04-184 as

a duplicate.  **Exhibit L attached.**

20)     By letter dated August 17, 2004, Mr. Chavez-Arellano  filed an appeal with the

OIP regarding EOUSA's actions in both numbered FOIA files. **Exhibit M attached.**  OIP

responded by letter dated September 9, 2004, which notified Mr. Chavez-Arellano  of the letter's

receipt, and assignment of  appeal numbers 04-2738 and 04-2739, (FOIA Nos. 04-150 and 04-184

respectively), and which also advised him that the appeal would be reviewed in the approximate

order it was received. **Exhibit N attached.**

21)     By letter dated January 10, 2005,  OIP notified Mr. Chavez-Arellano  that it had

affirmed EOUSA's application of exemptions (b)(5) and (b)(7)(C) to the withheld records. He

was also notified that specific records regarding fingerprints could be sought from the DEA, and

that he should write directly to that agency.  Finally, he was advised that EOUSA had

consolidated his two requests and appeals into one case, FOIA No. 04-150.  **Exhibit O attached.**

22)     In sum, EOUSA has withheld a total of 1 page in part and 1 page in its entirety, as

further discussed below. Mr. Chavez-Arellano, while notified of the existence of public records

available to him upon written request and possible cost, did not subsequently indicate that he was

interested in obtaining these records.

### EOUSA'S DISCLOSURE DETERMINATION

#### Identification of Responsive Records

23)     All of the records reviewed by EOUSA in response to Mr. Chavez-Arellano's

request(s) were located in the USAO/SDTX.  The records are maintained in the Criminal Case

File System (Justice/USA-007) and in the criminal case file U.S. v. Jose Chavez-Arellano, 00-CR-

355. Mr. Chavez-Arellano (and others) were investigated, prosecuted, and convicted of violating narcotics-related statutes.

## ADEQUACY OF THE SEARCH

24)     Upon receipt of Mr. Chavez-Arellano's FOIA/PA request, a search to determine the location of any and all files relating to him was undertaken. The USAO/SDTX conducted a systematic search for the specific records, which Mr. Chavez-Arellano had identified. The computer case tracking systems, PROMIS and LIONS, were used to determine all possible locations of responsive files. The databases have fields for retrieval of information based on a defendant's name, USAO file jacket number, and district court case number. After completing the computer search to determine all possible record locations in the Criminal and Asset Forfeiture Divisions, the FOIA contact for the USAO notified EOUSA that the only records located were contained in the aforesaid criminal case file.

25)     Following commencement of the above-captioned action, and after reviewing the above-referenced FOIA files, I asked the FOIA contact for the USAO to conduct a second search to ensure that all records were located and forwarded to our office for processing. My review of Mr. Chavez-Arevello's correspondence and complaint as well as the file contents, in my view, necessitated clarifying apparent confusion in the handling of all. I was advised by the FOIA contact for the USAO that the policy of that office is to purge files once the defendant has been sentenced, and that agency records are usually returned to agents, and other non-public records and grand jury, shredded. What generally remains are public records, which accounts for the small number of pages finally processed by EOUSA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

26)    EOUSA processes all requests made by individuals for records pertaining to

themselves under both the FOIA and PA in order to provide the requester with the maximum

disclosure authorized by the Acts.  The Criminal Case Files (Justice/USA-007) are part of the

DOJ Privacy Act System of Records.  The Attorney General has promulagated rules exempting

these records from the PA's access provisions as authorized by 5 U.S.C.§552a(j)(2), which

appears at 28 CFR §16.81.  Subsection (j)(2) exempts from mandatory disclosure all records

maintained by an agency or component performing as its principal function any activity pertaining

to the enforcement of criminal laws.  As the  entire case file pertained to a criminal prosecution, it

was necessarily compiled  for law enforcement purposes.  Therefore, EOUSA determined that the

responsive records withheld were not disclosable under the PA.  Accordingly, the records were

then reviewed under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(5)

27)    Exemption (b)(5) protects disclosure of privileged documents, which are not

ordinarily available to a party in litigation.  Principally, there are three such  privileged documents

or communications protected by this exemption:  attorney work product, deliberative process, and

attorney-client.

28)    EOUSA asserted this exemption to protect information pursuant to the attorney

work product and deliberative process privileges to Document 2, as described more fully below.

29)    The records or portions of records to which the attorney work product privilege

was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal

evaluations and opinions pertinent to Chavez-Arevallo's criminal case.  The records were

prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

30)    In addition, these same records, in certain instances, contain deliberative process of the USAO/SDTX and other federal and state agencies in their consideration of possible criminal actions against Mr. Chavez-Arellano. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

**EXEMPTION 5 U.S.C. §552(b)(7)(C)**

31)    Exemption (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Chavez-Arevello.

32)    This exemption was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them. It could also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case. In short, disclosure would be detrimental to the persons protected.

33)    In certain instances identified below, such information was inextricably intertwined with references to Mr. Chavez-Arellano. EOUSA was able to segregate such references and disclose them without creating the risk of disclosing a protected source (often confidential) or revealing privacy-protected information of the other third party individuals discussed within.

34)    This exemption was also applied to withhold the identities of individuals such as special federal agents, other government employees, and local law enforcement personnel all of whom participated in the investigation and prosecution of this case. Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to harassment or other harm. These persons have protected privacy interests in the conduct of law enforcement investigations.

35)    EOUSA determined that there was no public interest in the information if released, because its dissemination would not help to explain the activities and operations of the EOUSA. Furthermore, a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest. In short, no public interest would counterbalance the protected individual(s)' privacy right in the information withheld under this exemption.

36)    In addition, Mr. Chavez-Arellano provided EOUSA with no authorization or consents to release otherwise privacy protected materials from any of the third party individuals to whom this exemption was applied.

37)    EOUSA applied this exemption to both of the documents discussed below, and categorically to the request for records pertaining to third party individuals, as set forth in Footnote 1 of this Declaration.

## EXEMPTION 5 U.S.C. §552 (b)(7)(D)

38)    Exemption (b)(7)(D) exempts from mandatory release information compiled for

law enforcement purposes if its release "could reasonably be expected to disclose the identity of a

confidential source." Protected sources include a state or local agency or authority or any private

institution that furnished material on a confidential basis during law enforcement inquiry. Where a

record or information was compiled by a criminal law enforcement authority in the course of a

criminal investigation, and furnished by a confidential source, this exemption has been held to

apply.

39)    This exemption is particularly applied to protect individuals who provided

information as confidential sources during a criminal investigation by withholding their identity

and the information provided. Disclosure could have a disastrous impact upon the ability to obtain

this kind of investigative information in the future, and would have a chilling effect upon the free-

flow of information essential to pursue and resolve criminal prosecutions. In addition, release of

this information would endanger individual informants, likely making them targets of harassment

or other forms of reprisal. To avoid consequences of this nature, and promote cooperation,

individual informants and the information which they provided were withheld.

40)    The U.S. Supreme Court, in Department of Justice v. Landano, 508 U.S. 165, 113

S.Ct. 2014 (1993), held that the critical element to establish in the assertion of this exemption is

whether a "particular source spoke with an understanding that the communication would remain

confidential." This understanding can be proven by either an express assurance of confidentiality

or circumstances from which the assurance could reasonably be inferred. In essence, the

understanding is that the communication, if shared, will not be publicly disseminated, but only

divulged to the extent thought necessary for law enforcement purposes. Where not found to have

been expressly assured, certain circumstances characteristically may support an inference of

confidentiality, including whether an individual was a paid informant, the character of the crime

being investigated, and the source's relation to the nature of the crime.

41)     In this instance, information withheld pursuant to this exemption, in conjunction

with Exemption (b)(7)(C), as set forth in Footnote 1 of this declaration, was withheld

categorically as confidential. Mr. Chavez-Arellano, himself, has described the subject of his

request as one or more confidential informants, which at the same time, this office is neither

confirming or denying the existence of in reply.  It is clear from the request, that what is sought is

exactly the exposition of that which this exemption is intended to protect.

### RECORDS WITHELD

#### *Document 1: (1 page/Released in part "RIP")*

This one-page document, entitled "Case File Review" was released except for the names

of third party individuals on one line.  Names were withheld to protect each from an

unwarranted invasion of personal privacy by application of Exemption (b)(7)(C).

#### *Document 2: (1 page/Withheld in full "WIF")*

This one-page document is a letter dated 8/22/00  from U.S. Probation Office to the AUSA

and Victim Witness Coordinator seeking information about third party individuals and

losses incurred as a result of the conduct of Mr. Chavez-Arevello.  The document was

withheld in its entirety by application of Exemption (b)(7)(C) to protect each person from

unwarranted invasion of personal privacy, and by Exemption (b)(5) to protect privileged

intra-agency communication made in the course of prosecution and discussing evidentiary

needs and procedures to be followed in that phase of prosecution.  The document could

not be segregated without disclosing protected third party individual information

inextricably intertwined. In addition, this document is arguably not within the scope of the request and its narrowing of subjects sought.

## **SEGREGABILITY**

42)    Each document was evaluated to determine if any information could be segregated and released. The document withheld in its entirety contained no meaningful portions that could be released without destroying the integrity of the document or without identifying a third party individual or breaching a protected privilege.

43)    Each step in the handling of Mr. Chavez-Arevallo's request has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March 2_, 2006.

JOHN F. BOSEKER

Attorney Advisor, EOUSA

## FREEDOM   OF   INFORMATION   REQUEST

REQUESTOR: Jose Miguel Chavez-Arellano          DATE OF BIRTH: July 5, 1974

REG. NO.: 93054-079                              PLACE OF BIRTH: Mexico

ADDRESS:   FCI Seagoville                         CRIMINAL CASE NO.: 5:00-CR-00355

           P.O. Box 9000                          U.S. DISTRICT COURT: Texas (Laredo Division)

           Seagoville, TX 75159-9000              DATE ARRESTED: March 13, 2000


BRANCH OR AGENCY FROM WHICH REQUESTED:

          EXECUTIVE OFFICE FOR UNITED
          STATES ATTORNEYS
          Main Justice Building                            January 7, 2004
          950 Pennsylvania Ave. N.W.
          Washington, D.C. 20530

DEAR SIRS:

     I hereby request that you furnish me within 10 days as provided by law (See
5 U.S.C. §552(a)(6)(A)), copies of the following specified documents or information:
     Each and every record related to requestor, Jose Miguel Chavez-Arellano in agency
files. I also request that you search other branches and offices for the requested
records, specially in the southern District of Texas, Laredo Division. ------------
     //

     //

     //

     //
     My request is not limited to the above.  It includes all documents, reports,
pictures, exhibits, memorandums, letters, summaries, handwritten notes, recordings,
and all other information concerning this subject which is contained in your offices
under the supervision and administration of the above-stated agency or branch of
government.

     My request is made pursuant to the provisions of the Freedom of Information
and Privacy Acts, Title 5 U.S.C. §§552, 552a. (a cerificate of identity is enclosed)
I am willing to pay for any accessible search and copying fees.
Thank you,


_____

(signature of requestor)





**U.S. Department** ustice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*                    FEB   5  204

Request Number: <u>04-150</u>

Subject: <u>SELF/TXS</u>

Requester: <u>JOSE MIGUEL CHAVEZ-ARELLANO</u>

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

             Sincerely,

             *Marie A. O'Rourke*

             Marie A. O'Rourke
             Assistant Director

COPY



Form No. 001 - 9/03

**Jose M. Chavez**
================================================================
Reg. No. 93054-079 / FCI Seagoville / P.O. Box 9000 / Seagoville, TX 75159-9000

04 FEB 26  PM 3: 32

Executive Office for U.S. Attorneys
Marie A. O'Rourke, Assistant Dir.
Freedom of Information/Privacy Act Unit                    February 19, 2004
600 E. Street, N.W., Room 7300
Washington, D.C. 20530

RE: Request No. 04-150 _OVO_
                              _(1)_

Dear Ms. O'Rourke,

This is in response to your letter dated February 5th, 2004, in which you said my Freedom Information request will be placed in the order in which was received. (See attached letter)

I just want to make clear or to explain that my request was <u>not</u> a "Project Request", it was limited to <u>Exhibit A</u>;

1) <u>Any and all fingerprint analysis and/or fingerprint records in case No. 5:00-CR-00355 within your agency files.</u>

2) <u>I also request that you search other branches and/or offices for the requested records.</u>

3) <u>Another Vaughn Index of each and every records in my files.</u>

Once again, I am willing to pay for any accessible search and copying fees. Moreover, I would appreciate your efforts to process my request within a month (20 working days.)

I wish you best and thank you in advance for your cooperation in providing this information to me.

Sincerely,

Jose M. Chavez

c.c. Personal File.



## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

**REQUESTOR:** Jose Miguel Chavez-Arellano        **DATE OF BIRTH:** July 5, 1974

**REG. NO.:** 93054-079        **PLACE OF BIRTH:** Mexico

**ADDRESS:** FCI Seagoville        **CRIMINAL CASE NO.:** 5:00-CR-00355

P.O. Box 9000        **U.S. DIST. COURT:** Texas (Laredo Division)

Seagoville, TX 75159-9000        **DATE ARRESTED:** March 13, 2000

**BRANCH OR AGENCY FROM WHICH REQUESTED:**

February 16, 2004

**U.S. Department of Justice**
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E. Street, N.W., Room 7300
Washington, D.C. 20530

Pursuant to the Freedom of Information Act, 5 U.S.C. §552, and Privacy Act of 1974, 5 U.S.C. §552(a), I am requesting;

1)- Each and every record related to confidential Informants in case no.: 5:00-CR-00355, as defined by D.O.J. policy.

2)- Each and every record related to a Confidential Informant named: Rosalio Morales Cabrera.

3)- A Vaughn Index of each and every records in my files.(for definition of a "record" see #10 of the request).

The following schedules are enclosed as exhibit "A";

A- Certificate of Identity, U.S. Department of Justice Form DOJ-361.

B- A copy of my ID card with my Register Number.

In this FOIA/PA request, the requester has agreed to pay for copying costs, but has requested a fee waiver and reserves the right to appeal the fee waiver if it is denied. **Note:** This is not a Project Request.

Respectfully Yours,

Jose M. Chavez A.

Page 1 of 5

## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

### ISSUES

Records Exist : I have reliable reasons to believe that these records exist.

2.  **False Information and Constitutional and Civil Rights Violations** : I have
    reliable reasons to believe that "false information is being maintained in
    my system of records." I also have reason to believe that information contained
    in "agency's system of records" may show violations of my Constitutional and
    Civil Rights. I have the right to review the records under the FOIA/PA and the
    right to its correction.

3.  **Accounting of Disclosures** : I request a full and complete "accounting of dis-
    closures" as made and received by your agency related to those records or any
    part thereof, including the date, nature and purpose of the disclosure,and the
    name and address of the recipient/sender.

4.  **Records not in your Possession** : For any records not in your possession, please
    advise me if those records were once in your possession and where they are now.
    If the records are somewhere else, please advise me when and where they were
    moved.

5.  **Agency Field Offices** : These records are believed to be maintained in the
            field office(s) of your agency, but I hereby request **ALL** records
    from **ALL** agency field offices  and that you conduct a search of **ALL** agency
    field offices including headquarters in Washington, D.C., using locator indexes
    if necessary, to obtain those records.

6.  **Private Citizen** : It should be noted that this is not a request for records
    on a third party private citizen. ,

7.  **Segregable    Portions** : The Act requires release of all segregable
    portions of documents that are not themselves exempt. I request that all
    segregable    portions be released.

8.  **Age of Documents** : The age of the records renders them harmless and they should
    be released/disclosed.

**Adequacy of Agency's Search** : Please provide me detailed information related to the adequacy of the agency's search for records.

10. **Request for All Records** :  I request each and every record in agency files related to this request. "Record" includes "any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format." This would, by definition, include documents; reports; memoranda; letters; electronic files; database references; "do not file" files, "P&C" files, "O&C" files, audio tapes and video tapes; electronic (ELSUR) or photograph surveillance; "June Mail"; mail covers; trash covers; miscellaneous files; telephone records; hand written notes; and index citations relating to this request or referencing this request ("see also") in other files.  The maintaining of "FOIA files" and "private files" is a circumvention of the FOIA regulations.

11. **Request Parallels FOIA'S Basic Purpose** : The basic purpose of this request parallels the basic purpose of FOIA, in that it intends to open agency actions to public scrutiny and contribute significantly to public understanding of the operations or activities of the Government,

    In <u>Department of Justice v. Reporters Committee</u>, 489 US 749,772, the Court stated :  "The basic purpose of the Freedom of Information Act is to open agency action to the light of public scrutiny." <u>Department of Air Force v. Rose</u>, 425 US at 372.

    The Court in <u>NLRB v. Robbins</u>, 437 US 214, 242 (1978) stated :
    "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against <u>corruption</u> and to hold the  governors accountable to the governed."

12. **General Public Value** : The public interest must be factored in. Those documents are in the public interest and should be disclosed, since disclosure outweighs any privacy interest (see # 11 above).

**Discretionary Disclosure :** Agencies may make discretionary disclosures of any information that is exempt under FOIA. Such disclosures are most appropriate where the interest protected by the exemption in question is only a governmental interest of the agency compared to a private interest of an individual or commercial entity.

This falls under the Act's primary objective of "maximum responsible disclosure." It can also significantly lessen an agency's burden at all levels of the administrative process and eliminates the possibility that the information in question will be the subject of protracted litigation. Attorney General Janet Reno's FOIA memorandum of 1993 stated that she <u>strongly encouraged all FOIA officers to make discretionary disclosures under the Act</u>.

14. **Arbitrary and Capricious Behavior :** The Special Counsel of the Merit Systems Protection Board is authorized to investigate allegations of withholding under FOIA, and this "does not require that an administrative or court decision be rendered" (1978 USCCAN).

As updated in Janet Reno's September 3, 1999 memorandum to Heads of Departments and Agencies : "In short, information should be withheld from a FOIA requester only when it is not possible for an agency to disclose it as a matter of administrative discretion".

15. **Vaughn Index :** I once again request a complete list of agency records covered by this request (<u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 US 977 (1974)), or its functional equivalent. Case law states that a <u>Vaughn Index</u> is equally applicable to administrative procedures. <u>Mead Data Inc.</u> <u>v. Department of Air Force</u>, 402 F.Supp., 460 (D.D.C. 1974), <u>remanded</u>, 566 F.2d 242,251 (D.C.Cir. 1977)  :

"We agree with <u>Mead Data</u> that the objective of the <u>Vaughn</u> requirements, to permit the requesting party to present its case effectively, is equally applicable to proceedings within the agency."

How else can a requester properly narrow his request ? Also see 28 CFR 126.6(c),

"Adverse Determinations" ; or its equivalent.

16.  **Fee Waiver :**  I request a fee waiver on the records asked for. This is a
Privacy Act request and I am an individual requester. I also ask for a fee
waiver under the FOIA, because :
   a) there is genuine public interest in the subject matter of the request ;
   b) the responsive records are informative on the issues of public interest;
   c) the requested information is not already in the public domain ;
   d) I have the qualifications and ability to disseminate the information
      and have access to large databases ; and
   e) the benefit to the public is outweighed by any commercial or personal
      benefit to the requester. However, should my fee waiver request be denied,
      I am prepared to pay the fee while preserving my appeal rights.

17.  **Appeal Rights :**  I am aware of my administrative appeal rights.

18.  **Statutory Reply :**  I would appreciate a reply within the statutory time period
of 20 business days.

19.  In short, as stated in President William J. Clinton's October 4, 1993 memorandum
for heads of Departments and Agencies : "....the more the American people know
about their government the better they will be governed. Openness in government
is essential to accountability and the Act has became (sic) an integral part of the
process.  ....The existence of unnecessary bureaucratic hurdles has no place in
its implementation."

20.  If you do not have records related to any specific portions of this request,
please state so in your response and respond directly to each item mentioned.

21. **Expedited Request :**  I would like this request expedited in accordance with Open
America v. Watergate, 547 F.2d 605/1976, and 28 CFR §16.5(d)(1)(iii)(1999 Edition),
due process violations, or its equivalent.

22.  **Finally :**  I request that all correspondence your agency maintains with me  have
the following caption clearly marked on the outside of the envelope :

**LEGAL MAIL TO BE OPENED**

**IN PRESENCE OF INMATE ONLY**

Page 5 of 5

**Jose M. Chavez**
*********************************************************************
Reg. No. 93054-079 / FCI Seagoville / P.O. Box 9000 / Seagoville, TX 75159-9000

Freedom of Information Act/Privacy Act Unit
Executive Office for United States Attorneys
600 E. Street, N.W., Room 7300
Washington, D,C, 20530                                    June 10,2004
202-616-6757

RE: <u>FINAL DEMAND.</u>

Dear Ms. O'Rourke,

I sent you the three attached communications on February 16th, 19th, and 26th, 2004. As of the above date, I have received <u>NO RESPONSE</u> to <u>any</u> of these three communications. Your lack of response to any of these FOIA/PA requests is indicative of <u>BAD FAITH</u> under administrative notice as constructive denial as prescribed by FOIA/PA law.

Please answer my requests as soon as possible to prevent this matter from moving to the Appeal process to the Office of Information and Privacy.

Thank you in advance of this matter.

Respectfully Yours,

Jose M. Chavez



## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

**REQUESTOR:** Jose Miguel Chavez-Arellano    **DATE OF BIRTH:** July 5, 1974

**REG. NO.:** 93054-079    **PLACE OF BIRTH:** Mexico

**ADDRESS:** FCI Seagoville    **CRIMINAL CASE NO.:** 5:00-CR-00355

P.O. Box 9000    **U.S. DIST. COURT:** Texas (Laredo Division)

Seagoville, TX 75159-9000    **DATE ARRESTED:** March 13, 2000

**BRANCH OR AGENCY FROM WHICH REQUESTED:**        **Second Notice**

February 16, 2004

June 10th, 2004

U.S. Department of Justice
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E. Street, N.W., Room 7300
Washington, D.C. 20530

Pursuant to the Freedom of Information Act, 5 U.S.C. §552, and Privacy Act of 1974, 5 U.S.C. §552(a), I am requesting;

1)- Each and every record related to confidential Informants in case no.: 5:00-CR-00355, as defined by D.O.J. policy.

2)- Each and every record related to a Confidential Informant named: Rosalio Morales Cabrera.

3)- A Vaughn Index of each and every record in my files.(for definition of a "record" see #10 of the request).

The following schedules are enclosed as exhibit "A";

A- Certificate of Identity, U.S. Department of Justice Form DOJ-361.

B- A copy of my ID card with my Register Number.

In this FOIA/PA request, the requester has agreed to pay for copying costs, but has requested a fee waiver and reserves the right to appeal the fee waiver if it is denied. Note: This is not a Project Request.

Respectfully Yours,

Page 1 of 5

Jose M. Chavez Arellano

Jose M. Chavez
=============================================================
Reg. No. 93054-079 / FCI Seagoville / P.O. Box 9000 / Seagoville, TX 75159-9000


Executive Office for U.S. Attorneys
Marie A. O'Rourke, Assistant Dir.
Freedom of Information/Privacy Act Unit            February 19, 2004
600 E. Street, N.W., Room 7300                     June 10th, 2004.
Washington, D.C. 20530

**Second Notice**

RE: Request No. 04-150

Dear Ms. O'Rourke,

This is in response to your letter dated February 5th, 2004, in which you said my Freedom Information request will be placed in the order in which was received. (See attached letter)

I just want to make clear or to explain that my request was not a "Project Request", it was limited to Exhibit A;

    1)  Any and all fingerprint analysis and/or fingerprint records in case No. 5:00-CR-00355 within your agency files.

    2)  I also request that you search other branches and/or offices for the requested records.

    3)  Another Vaughn Index of each and every records in my files.


Once again, I am willing to pay for any accessible search and copying fees. Moreover, I would appreciate your efforts to process my request within a month (20 working days.)

I wish you best and thank you in advance for your cooperation in providing this information to me.

Sincerely,

Jose M. Chavez


c.c. Personal File.

**Jose M. Chavez**
********************************************************************
Reg. No. 93054-079 / FCI Seagoville / P.O. Box 9000 / Seagoville, TX 75159-9000

U.S. **Department of Justice**
Executive Office for United
States Attorneys
FOIA/PA Unit
600 E. Street, N.W. Room 7300                    February 26, 2004
Washington, D.C. 20530                           June 10th, 2004.

                         **Second Notice**

               RE: Request No. 04-184

    Dear Ms. O'Rourke,

    This is in response to your letters dated February 18, 2004, in which you
stated that my FOIA/PA request will be placed in the order in which was received.
Also, you denied my expedited processing.

    Since the time is running and I am in the process of putting together a com-
plete copy of my case records so as I would have access to review everything to
determine if I could/should pursue an appeal and/or post conviction remedy. I am
respectfully requesting this request expedited in accordance with; Open America
v. Watergate, 547 F.2d 605, 1976, and 28 CFR §16.5 (d)(1)(iii)(1999 Edition),
due process violations, or its equivalent.

    I ask that you send to me as soon as possible, a complete copy of my file
["all information about myself in criminal case files"] that you hold of every-
thing you have received from the court and/or prosecution. I have reason to
believe that information contained in "agency's system of records" may show
violations of my Constitutional and Civil Rights. I have the right to review the
records under FOIA/PA and the right to its correction. Moreover, the information
that I am seeking involves a possible question about the government's integrity,
due to the overwhelming contradictions in my case, which is affecting the public
confidence.

    This should include, but not be limited to; Law enforcement reports and
supporting affidavits or statements; Any and all fingerprint analysis and/or
fingerprint records within my case; Each and every record related to confidential
informants within my case; Each and every record related to a confidential
informant named, Rosalio Morales-Cabrera; Any pictures, exhibits, memorandums,
letters, summaries, handwritten notes, audio tapes recordings, video tapes, DEA's
debriefing statements, and all other information concerning this subject which is
contained in your offices under the supervision and administration of the above-
stated agency or branch of government. I once again request a complete list of
agency records covered by this request. **Vaughn v. Rosen**, 484 F. 2d. 820 (D.C.1973).

    In such FOIA/PA request, the requester has agreed to pay for any accessible
search and copying cost, but has requested a fee waiver and reserves the right to
appeal the fee waiver if it is denied. I would appreciate your efforts to process
my request as soon as possible. I wish you best and thank you in advance for your
assistance in providing this information to me.

                                              Sincerely,

c.c. Personal File.



**Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:___**Jose Miguel-Chavez-Arellano**_____  Request Number:_____**04-150**_____

Subject of Request:__**Self**_____

Dear Requester:

        Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

        To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

        The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

        This letter is a [ X ] partial [    ] full denial.

        Enclosed please find:                                         JUL  6 2004

____8____ page(s) are being released in full (RIF);
____1____ page(s) are being released in part (RIP);
____1____ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

        **Please be advised that the fingerprint records, and Lab No. 138566, 138567, and 138568 are not located  in our offices or the Southern District of Texas, these records may have originated with the Drug Enforcement Administration, therefore, you may want to make a request to the Drug Enforcement Administration.  The address is Drug Enforcement Administration, Freedom of Information Unit, 700 Army Navy Drive, Arlington, VA 22202.**

(Page 1 of 3)



GOVERNMENT EXHIBIT

The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

Section 552                                                      Section 552a

[    ] (b)(1)        [    ] (b)(4)        [    ] (b)(7)(B)        [ X ] (j)(2)
[    ] (b)(2)        [ X ] (b)(5)        [ X ] (b)(7)(C)        [    ] (k)(2)
[    ] (b)(3)        [    ] (b)(6)        [    ] (b)(7)(D)        [    ] (k)(5)
_____        [    ] (b)(7)(A)     [    ] (b)(7)(E)        [    ] _____
_____                              [    ] (b)(7)(F)

[    ]  In addition, this office is withholding grand jury material which is retained in the District.

**You requested a** <u>**Vaughn**</u> **Index.  The law is well-settled that the FOIA does not require government agencies to produce a** <u>**Vaughn**</u> **Index at the processing and appeal stages of a FOIA request.  See** <u>**Schwarz v. United States Dep't of Treasury**</u>**, 131 F. Supp. 2d 142, 147 (D.D.C. 2000);** <u>**Edmond v. United States Attorney**</u>**, 959 F. Supp. 1, 5 (D.D.C. 1997)."  Further, only a federal court may order the government to produce a** <u>**Vaughn**</u> **Index.**

[ X ]    A review of the material revealed:

   [ X ]  __1_____ page(s) originated with another government component.  **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.**  These records will be referred to the following component(s) listed for review and direct response to you:   **Drug Enforcement Administration**_____

   [ X ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

   [ X ]    See additional information attached.

   This is the final action this office will take concerning your request.

   You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

(Page 2 of 3)

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 3 of 3)

Form No. 021 - no fee - 2/04

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1)   (A)  specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b) (2)   related solely to the internal personnel rules and practices of an agency;

(b) (3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b) (4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b) (5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b) (6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b) (7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual;

(b) (8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b) (9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d) (5)   information compiled in reasonable anticipation of a civil action proceeding;

(j) (2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k) (1)   information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k) (2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k) (3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k) (4)   required by statute to be maintained and used solely as statistical records;

(k) (5)   investigatory material compiled solely for the purpose of determining suitability eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k) (6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k) (7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

**REQUESTOR:** Jose Miguel Chavez Arellano     **DATE OF BIRTH:** July 5, 1974

**REG. NO.:** 93054-079     **PLACE OF BIRTH:** Mexico

**ADDRESS:** FCI Seagoville     **CRIMINAL CASE NO.:** 5:00-CR-00355

P.O. Box 9000     **U.S. DISTRICT COURT:** Texas (Laredo Division)

Seagoville, TX 75159-9000     **DATE ARRESTED:** March 13, 2000

**BRANCH OR AGENCY FROM WHICH REQUESTED:**

EXECUTIVE OFFICE FOR UNITED        January 10, 2004
STATES ATTORNEYS
Freedom of Information/Privacy Act Unit
600 E. Street N.W. Room 7100
Washington, D.C. 20530

Pursuant to the Freedom of Information Act, 5 U.S.C. 552, and Privacy Act of 1974, 5 U.S.C. 5522 (a), I am requesting "all records maintanied within the agency's system of records" (for a definition of a "record", see # 10 of the request.) Pertaining to the following.

Each and every record maintained in the agency's system of records related to the requester, including a Vaughn Index of each and every record in my files, also including but not limited to **EXHIBIT "A"** attached hereto and made part of these requests hereof.

The following schedules are enclosed;

    A- Certificate of Identity, U.S. Department of Justice Form DOJ-361

    B- A copy of my ID card with my Register Number.

In this FOIA/PA request, the requester has agreed to pay for copying costs, but has requested a fee waiver and reserves the right to appeal the fee waiver if it is denied.



REQUESTER ASKS FOR THIS REQUEST TO BE EXPEDITED UNDER "DUE PROCESS VIOLATIONS"
(DOJ: 28CFR §16.5(d)(1)(iii) 1999 edition), OR ITS CORRESPONDING PARALLEL FOR NON-
DOJ AGENCIES. "EXPEDITED PROCESSING (1) REQUESTERS AND APPEALS WILL BE TAKEN OUT
OF ORDER AND GIVEN EXPEDITED TREATMENT WHENEVER IT IS DETERMINED THAT THEY INVOLVE:
(iii) THE LOSS OF SUBSTANTIAL DUE PROCESS RIGHTS....."

PLEASE CONSIDER THIS LETTER PLUS ACCOMPANYING ISSUES AND REQUESTS
INCLUDING EXHIBIT "A" AS NOTICE UNDER BAD FAITH AND AS ADMINISTRA-
TIVE NOTICE.

Any due process violations impact the very heart of my due process rights according
to Law. I have the right to review and correct those records and remove any illegally
derived and/or improper, and/or incorrect information contained therein.

In order to expedite this request, I am forwarding a copy of this letter with the
attached EXHIBIT "A" to your agency headquarters in Washington, D.C. Thank you in
advance for your cooperation in providing this information to me.


Respectfully Yours,



CC : Personal File.



CERTIFIED MAIL NUMBER:_____

## FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

### ISSUES

1. **Records Exist** : I have reliable reasons to believe that these records exist.

2. **False Information and Constitutional and Civil Rights Violations** : I have reliable reasons to believe that "false information is being maintained in my system of records." I also have reason to believe that information contained in "agency's system of records" may show violations of my Constitutional and Civil Rights. I have the right to review the records under the FOIA/PA and the right to its correction.

3. **Accounting of Disclosures** : I request a full and complete "accounting of dis-closures" as made and received by your agency related to those records or any part thereof, including the date, nature and purpose of the disclosure,and the name and address of the recipient/sender.

4. **Records not in your Possession** : For any records not in your possession, please advise me if those records were once in your possession and where they are now. If the records are somewhere else, please advise me when and where they were moved.

5. **Agency Field Offices** : These records are believed to be maintained in the field office(s) of your agency, but I hereby request **ALL** records from **ALL** agency field offices  and that you conduct a search of **ALL** agency field offices including headquarters in Washington, D.C., using locator indexes if necessary, to obtain those records.

6. **Private Citizen** : It should be noted that this is not a request for records on a third party private citizen.

7. **Segregable    Portions** : The Act requires release of all segregable portions of documents that are not themselves exempt. I request that all segregable    portions be released.

8. **Age of Documents** : The age of the records renders them harmless and they should be released/disclosed.

9. **Adequacy of Agency's Search** : Please provide me detailed information related to the adequacy of the agency's search for records.

10. <u>Request for All Records</u> : I request each and every record in agency files related to this request. "Record" includes "any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format." This would, by definition, include documents; reports; memoranda; letters; electronic files; database references; "do not file" files, "P&C" files, "O&C" files, audio tapes and video tapes; electronic (ELSUR) or photograph surveillance; "June Mail"; mail covers; trash covers; miscellaneous files; telephone records; hand written notes; and index citations relating to this request or referencing this request ("see also") in other files.  The maintaining of "FOIA files" and "private files" is a circumvention of the FOIA regulations.

11. **Request Parallels FOIA'S Basic Purpose** : The basic purpose of this request parallels the basic purpose of FOIA, in that it intends to open agency actions to public scrutiny and contribute significantly to public understanding of the operations or activities of the Government,

In <u>Department of Justice v. Reporters Committee</u>, 489 US 749,772, the Court stated :   "The basic purpose of the Freedom of Information Act is to open agency action to the light of public scrutiny." <u>Department of Air Force v. Rose</u>, 425 US at 372.

The Court in <u>NLRB v. Robbins</u>, 437 US 214, 242 (1978) stated :
        "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against <u>corruption</u> and to hold the  governors accountable to the governed."

12. **General Public Value** : The public interest must be factored in. Those documents are in the public interest and should be disclosed, since disclosure outweighs any privacy interest (see # 11 above).

13. **Discretionary Disclosure :** Agencies may make discretionary disclosures of any information that is exempt under FOIA. Such disclosures are most appropriate where the interest protected by the exemption in question is only a governmental interest of the agency compared to a private interest of an individual or commercial entity.

This falls under the Act's primary objective of "maximum responsible disclosure." It can also significantly lessen an agency's burden at all levels of the administrative process and eliminates the possibility that the information in question will be the subject of protracted litigation. Attorney General Janet Reno's FOIA memorandum of 1993 stated that she <u>strongly encouraged all FOIA officers to make discretionary disclosures under the Act</u>.

14. **Arbitrary and Capricious Behavior :** The Special Counsel of the Merit Systems Protection Board is authorized to investigate allegations of withholding under FOIA, and this "does not require that an administrative or court decision be rendered" (1978 USCCAN).

As updated in Janet Reno's September 3, 1999 memorandum to Heads of Departments and Agencies : "In short, information should be withheld from a FOIA requester only when it is not possible for an agency to disclose it as a matter of administrative discretion".

15. **Vaughn Index :** I once again request a complete list of agency records covered by this request (<u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 US 977 (1974)), or its functional equivalent. Case law states that a <u>Vaughn Index</u> is equally applicable to administrative procedures. <u>Mead Data Inc. v. Department of Air Force</u>, 402 F.Supp., 460 (D.D.C. 1974), <u>remanded</u>, 566 F.2d 242,251 (D.C.Cir. 1977)  :
"We agree with <u>Mead Data</u> that the objective of the <u>Vaughn</u> requirements, to permit the requesting party to present its case effectively, is equally applicable to proceedings within the agency."

How else can a requester properly narrow his request ? Also see 28 CFR 126.6(c),

"Adverse Determinations" ; or its equivalent.

16. **Fee Waiver :**  I request a fee waiver on the records asked for. This is a
    Privacy Act request and I am an individual requester. I also ask for a fee
    waiver under the FOIA, because :

    a) there is genuine public interest in the subject matter of the request ;

    b) the responsive records are informative on the issues of public interest;

    c) the requested information is not already in the public domain ;

    d) I have the qualifications and ability to disseminate the information
       and have access to large databases ; and

    e) the benefit to the public is outweighed by any commercial or personal
       benefit to the requester. However, should my fee waiver request be denied,
       <u>I am prepared to pay the fee</u> while preserving my appeal rights.

17. **Appeal Rights :**  I am aware of my administrative appeal rights.

18. **Statutory Reply :**  I would appreciate a reply within the statutory time period
    of 20 business days.

19. In short, as stated in President William J. Clinton's October 4, 1993 memorandum
    for heads of Departments and Agencies : "....the more the American people know
    about their government the better they will be governed. Openness in government
    is essential to accountability and the Act has became (sic) an integral part of the
    process.  ....The existence of unnecessary bureaucratic hurdles has no place in
    its implementation."

20. If you do not have records related to any specific portions of this request,
    please state so in your response and respond directly to <u>each item</u> mentioned.

21. **Expedited Request :**  I would like this request expedited in accordance with <u>Open
    America v. Watergate</u>, 547 F.2d 605/1976, and 28 CFR §16.5(d)(1)(iii)(1999 Edition),
    due process violations, or its equivalent.

22. **Finally :**  I  request that all correspondence your agency maintains with me  have
    the following <u>caption clearly marked</u> on the outside of the envelope :

    **LEGAL MAIL TO BE OPENED**

    **IN PRESENCE OF INMATE ONLY**



**U.S. Depart    at    Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04-184

Requester: Jose M. Chavez-Arellano

Subject of Request: Self

Dear Mr. Chavez-Arellano:

This is in response to your letter dated January 10, 2004 (and received in our office on January 21, 2004), in which you request expedited treatment of your Freedom of Information Act/Privacy Act request. As you may know, expedited treatment allows one requester to receive processing of his or her request ahead of other requesters who have already filed their requests. Not surprisingly, such a displacement of others who have legal rights to a prompt agency response cannot be done except under circumstances that clearly warrant the action, as carefully defined by agency regulation. The Department of Justice has published its rules for granting expedited processing at 28 Code of Federal Regulations 16.5(d).

After careful consideration of your letter, I have concluded that you have not presented a case that would warrant granting expedited processing ahead of others. Your letter does not detail any circumstances that would allow me to grant your request. A person seeking expedited processing should show, for example, (1) that an individual's life or personal safety is in immediate jeopardy or (2) that substantial due process rights are involved and, that the information is not otherwise available or (3) that there is an exceptional public interest in, and urgency for, the information or (4) that there is an urgency to inform the public about an actual or alleged federal government activity, and that you are a person primarily engaged in disseminating information, or (5) that: a) there exists widespread and exceptional media interest in the requested information; and b) the information sought involves possible questions about the government's integrity which affect public confidence. Therefore, in the absence of any such justification, I must deny your request for expedited treatment.

We are proceeding to process your request in the normal order.

You may appeal my decision to deny expedited processing by writing within sixty (60) days to:





Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 015 - 6/99



**U.S. Departm ~~oi~~ stice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04-184                                                    FEB 1 8 2004

Subject:   Self

Requester: Jose M. Chavez-Arellano

Dear Requester:

        The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

        Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

        EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

        By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                                        Sincerely,

                                        *Marie A. O'Rourke*

                                        Marie A. O'Rourke
                                        Assistant Director





                                                            Form No. 001 - 9/03

Please note: Your request letter used standard language ("boilerplate") asking for all the records on yourself. You also personally listed specific records that you would like to receive. We have interpreted your request as one for all the records on yourself. If you wish us to search only for the specific records you listed, please notify us immediately and we will narrow our search to those items. We are proceeding with our search in the district(s) you requested.

**Jose M. Chavez**
*************************************************************************
Reg. No. 93054-079 / FCI Seagoville / P.O. Box 9000 / Seagoville, TX 75159-9000

**U.S. Department of Justice**
Executive Office for United
States Attorneys
FOIA/PA Unit
600 E. Street, N.W. Room 7300                    February 26, 2004
Washington, D.C. 20530

<u>RE: Request No. 04-184 )II</u>

Dear Ms. O'Rourke,

     This is in response to your letters dated February 18, 2004, in which you
stated that my FOIA/PA request will be placed in the order in which was received.
Also, you denied my expedited processing.

     Since the time is running and I am in the process of putting together a com-
plete copy of my case records so as I would have access to review everything to
determine if I could/should pursue an appeal and/or post conviction remedy. I am
respectfully requesting this request expedited in accordance with; <u>Open America</u>
<u>v. Watergate</u>, 547 F.2d 605, 1976, and 28 CFR §16.5 (d)(1)(iii)(1999 Edition),
due process violations, or its equivalent.

     I ask that you send to me as soon as possible, a complete copy of my file
["all information about myself in criminal case files"] that you hold of every-
thing you have received from the court and/or prosecution. I have reason to
believe that information contained in "agency's system of records" may show
violations of my Constitutional and Civil Rights. I have the right to review the
records under FOIA/PA and the right to its correction. Moreover, the information
that I am seeking involves a possible question about the government's integrity,
due to the overwhelming contradictions in my case, which is affecting the public
confidence.

     This should include, but not be limited to; Law enforcement reports and
supporting affidavits or statements; Any and all fingerprint analysis and/or
fingerprint records within my case; Each and every record related to confidential
informants within my case; Each and every record related to a confidential
informant named, Rosalio Morales-Cabrera; Any pictures, exhibits, memorandums,
letters, summaries, handwritten notes, audio tapes recordings, video tapes, DEA's
debriefing statements, and all other information concerning this subject which is
contained in your offices under the supervision and administration of the above-
stated agency or branch of government. I once again request a complete list of
agency records covered by this request. <u>**Vaughn v. Rosen**</u>, 484 F. 2d. 820 (D.C.1973).

     In such FOIA/PA request, <u>the requester has agreed to pay for any accessible</u>
<u>search and copying cost</u>, but has requested a fee waiver and reserves the right to
appeal the fee waiver if it is denied. I would appreciate your efforts to process
my request as soon as possible. I wish you best and thank you in advance for your
assistance in providing this information to me.

                                                        Sincerely,

c.c. Personal File.



**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

JUN 2 4 2004

Requester: Jose M. Chavez          Request Numbers: 04-150 & 04-184

Subject of Request: SELF/TXS

Dear Requester:

This is in response to your recent letter/telephone call regarding the status of your pending Freedom of Information Act/Privacy Act request. We have received the records responsive to your request, and it has been assigned to a paralegal for processing. After processing has been completed and received by an attorney, all records that can be released will be sent to you.

Due to the large number of requests received by the Executive Office for United States Attorneys and the limited resources available to process such requests, this office has been unable to process your request.

In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests.   This policy complies with the decision in Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976) and is applied consistently by this office.  Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

You may appeal my decision in this matter by writing within sixty (60) days to:
                Office of Information and Privacy
               United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C.  20530
     Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                          Sincerely,

                          Marie A. O'Rourke
                          Marie A. O'Rourke
                          Assistant Director
                          FOIA/PA Unit



                          Form No. 013 - 6/99



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax: 202-616-6478*

Request Number: __04-184_____  Date of Receipt: __January 15, 2004__

Requester: __Jose-Miguel Chavez-Arellano_____

Subject of Request: __Self_____

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of Information/Privacy request. A check of our files indicates you have been assigned two numbers ( __04-150__ and __04-184__ ). Since the Executive Office processes requests on a "first in-first out" basis, we are combining the two files and assigning it the earlier number which appears above. Please cite this number in any future correspondence you send to this office.

The Executive Office has received an exceedingly heavy volume of Freedom of Information Act/Privacy Act requests and therefore, this office will be unable to respond to your request within the time limits established by the Freedom of Information Act. Please be assured, however, that your request is being handled as equitably as possible and that all documents which can be released will be made available at the earliest possible date.

JUL 6 2004

Sincerely,

Marie A. O'Rourke
Assistant Director



Form No. 000 - 11/02

OFFICE OF INFORMATION
AND PRIVACY                    04-2739        (A)
                                              EOUSA

**Office of Information and Privacy**
United States Department of Justice          AUG 25 2004
    Flag Building, Suite 570                                   August 17, 2004
    Washington, D.C. 20530        RECEIVED                  See all A

                    RE: FOIA/PA 'Appeal' of Request No. 04-184.
                        Subject; Each and every record related to
                        requestor pertaining to case No.:
                        5:00-CR-00355-2.


        On January 7, 2004, through FOIA/PA, Petitioner requested,"Each and every records
related to requestor, especially in the Southern District of Texas, at Laredo Division,
within the United States Attorney Southern District of Texas at 910 Travis St. #1500,
P.O. Box 61129, Houston,TX 79208. On January 28, 2004, the office of the U.S. Atty.
Southern District of Texas forwarded a letter stating, "Our office has received your
request dated January 7, 2004. Your request has been forwarded to the Freedom of In-
formation Act Unit, Executive Office for the United States Attorneys (AOUSA) in Was-
hington, D.C.".

        On February 18, 2004, Petitioner received a letter stating; "The Executive Of-
fice for the United States Attorneys has received your (FOIA/PA) request. It has been as-
signed request No. 04-184. Also, on February 18, 2004, Petitioner recieved another
letter stating; "I must deny your request for expedited treatment. We are proceeding
to process your request in the normal order." On February 26, 2004, Petitioner for-
warded a letter to (EOUSA) requesting his request expedited. Also, requested a com-
plete copy of Petitioner's file ("all information about myself in criminal case files")
contained in "agency's system of records. On June 10, 2004, Petitioner forwarded a
final demand letter, saying he has not recéived response to any of his communications.
On June 24, 2004, Petitioner received a letter from (EOUSA) stating; "This is in res-
ponse to your recent letter regarding the status of your pending FOIA/PA request. We
have received the records responsive to your request, and it has been assigned to a
paralegal for processing."

        On July, 6, 2004, Petitioner received a letter stating; "The (EOUSA) has received
your FOIA/PA request. A check of our files indicates you have been assigned two num-
bers (04-150 and 04-184). Also, on July 6, 2004, Petitioner recéived only nine (9)
pages of information. Obviously, it was not "each and every record related to reques-
ter", as requested previously by petitioner. In addition, Petitioner has reliable in-
formation to believe that the (EOUSA) contains more records related to Petitioner's
criminal case. Consequently, **Petitioner hereby is appealing the denial of his request.**
Petitioner has been prejudiced for the (EOUSA) bad faith denial, since the failure to
disclose these records preclude Petitioner to pursue a fair post-conviction relief,
violating Petitioner's Fifth Amendment, right to due process, the fundamental right
to be free, and right to fairly pursue any post-conviction relief. Since Petitioner
is collaterally attacking his conviction the withholding of Petitioner's records
would result in a miscarriage of justice.

        For the facts and arguments hereinbefore presented, Petitioner respectfully re-
quest that this Honorable Office of Information and Privacy, direct an order to the
(EOUSA) at Washington, D.C. to forward, as soon as possible, any and each Petitioner'
case records within (EOUSA)'s possession. In the interest of justice.

        Respectfully submitted,

                            _Jose M. Chavez-Arellano_ (93054-079)
                            P.O. Box 9000/Seagoville, TX 75159



GOVERNMENT
EXHIBIT



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

SEP  - 9 2004

Mr. Jose M. Chavez-Arellano
Register No. 93054-079
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX  75159-9000

            Re:    Request No. 04-184

Dear Mr. Chavez-Arellano:

        This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on August 25, 2004.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **04-2739**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                            Sincerely,

                            Priscilla Jones
                            Administrative Specialist



04-484, DM
noted 2/9/05
RDP

**U.S. Department of Justice**

Office of Information and Privacy

EOUSA/FOIA/PA

05 JAN 10 PM 4:03

Telephone: (202) 514-3642                    Washington, D.C. 20530

**JAN 1 0 2005**

Mr. Jose Miguel Chavez-Arellano      Re:   Appeal Nos. 04-2738
Register No. 93054-079                     and 04-2739
Federal Correctional Institution          Request Nos. 04-150
Post Office Box 9000                       and 04-184
Seagoville, TX  75159                      RLH:EJS

Dear Mr. Chavez-Arellano:

    You appealed from the action of the Executive Office for
United States Attorneys on your request for access to all
records concerning yourself, including any analysis by the
Drug Enforcement Administration of your fingerprints.

    You initially sent two requests to the EOUSA on January
7, 2004, and January 10, 2004.  The EOUSA designated them
Request Nos. 04-150 and 04-184, respectively.  In its decision
on July 6, 2004, the EOUSA consolidated your two requests
under Request No. 04-150.  You then submitted two appeals to
this office, designated Appeal No. 04-2738 and Appeal No.
04-2739, respectively.  As both appeals were made from a
single consolidated request, this decision will address both
of your appeals.

    After carefully considering your appeal, I have decided
to affirm the EOUSA's action on your request.

    These records are exempt from the access provision of the
Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See
28 C.F.R. § 16.81(a) (2004).  Because these records are not
available to you under the Privacy Act, your request has been
reviewed under the Freedom of Information Act in order to
afford you the greatest possible access to the records you
requested.



EOUSA

-2-

The EOUSA properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the attorney work-product privilege; and

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties (including, in this instance, the names of EOUSA employees).

I have determined that this information is not appropriate for discretionary release.

You have requested copies of documents of a type that may have originated with the DEA. This appeal concerns only your request for information from the EOUSA. If you want other Department of Justice components -- such as the DEA -- to search their files for responsive records, I can only suggest that, if you have not already done so, you may wish to make a FOIA request to the offices that are likely to have information pertaining to your subject. You should write directly to those components.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,


Richard L. Huff
Co-Director