UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE M. CHAVEZ-ARELLANO ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 05-2503 RMC | |
| DEPARTMENT OF JUSTICE, *et al.* ) | |
| ) | |
| Defendant ) | |
| ) | |

## DECLARATION OF WILLIAM C. LITTLE, JR...

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibility are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

6. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

7. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

8. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, the Plaintiff's Memorandum in Opposition Defendants Motion for Summary Judgment wherein the plaintiff complains that DEA failed to locate audio tapes, and the records maintained by DEA and the DEA Freedom of Information Operations Unit (SARO) that relate to the plaintiff's FOIA/PA request.

9. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA.

10. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

11. I have reviewed a copy of the case inventory maintained in the SARO FOIA request file. There is contained in the file a copy of the case inventory from the investigative case file in which the plaintiff was a subject of the investigation. The only audio tapes listed in the inventory relate to a third-party and an under cover agent. Thus, the information related to the third-party was not released to the plaintiff. Portions of the inventory were released to the plaintiff as page 113.

12. Also, released to the plaintiff was a DEA Memorandum dated September 4, 2002, Subject: Evidence Disposition Verification, as page 112. The memoranda was generated to document the destruction of "all evidence, exhibits and/or assets in the case." The exhibits that were disposed

of included "Non-Drug Exhibits," of which all audio tapes amassed as DEA exhibits were included, as being destroyed.

7. Therefore, at this time and at the time the plaintiff's request was processed, the tapes no longer existed.

I declare under the penalty of perjury that the foregoing is true and correct.

April 11, 2006
DATE

William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537